UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEQUOIA BENEFITS & INSURANCE SERVICES, LLC,

   Plaintiff,

 v.

LUCIANO COSTANTINI, et al.,

   Defendants.

No. C 20-08089 WHA

**ORDER DENYING PARTIAL MOTION FOR RECONSIDERATION**

  Trade secret claimant Sequoia Benefits & Insurance Services, LLC sought and received leave to move for reconsideration of a prior order denying a motion to file Sequoia's Exhibit G under seal (Dkt. Nos. 80, 83). Both parties having been heard, the request is **DENIED**.

  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A clear error involves "[a] manifest failure by the Court to consider material facts or dispositive legal arguments . . . ." Civ. L.R. 7-9(b)(3).

  The challenged order ruled that Sequoia's "boilerplate justification" did not "rise to the level of 'compelling'" and denied the sealing motion as to Exhibit G. In contrast, the order

granted Sequoia's request to conditionally seal another document, Exhibit 120, for containing the alleged trade secrets at issue in the case (Dkt. No. 80 at 2–3).

Sequoia now argues that the similarities between Exhibit G and Exhibit 120 warrants also sealing the former. But Sequoia's own descriptions of the documents belie that argument: Sequoia described Exhibit G as "showing Sequoia client identities and certain account information"; in contrast, Sequoia described Exhibit 120 as "showing confidential identity of Sequoia's clients, the clients' billing effective dates with Sequoia, invoicing methods, dates showing when Sequoia's clients became Sequoia's clients, email addresses of client contacts, and pricing information" (Dkt Nos. 20 at 3; 55 at 4).

Sequoia has not shown that the previous sealing order failed to consider material facts or dispositive legal arguments, and has failed to supply facts to justify reconsideration, let alone its request to seal the document. Sequoia cannot now swap out its insufficient justification for sealing Exhibit G with the successful justification from another (purportedly similar) document.

**IT IS SO ORDERED.**

Dated: June 2, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2